MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MANUEL GARCIA, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

-against-

MGM & J CORP. (D/B/A EAST RIVER CLEANERS) and JAESEUNG KIM,

       *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Manuel Garcia ("Plaintiff Garcia" or "Mr. Garcia"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against MGM & J Corp. (d/b/a East River Cleaners), ("Defendant Corporation") and Jaeseung Kim, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

   1. Plaintiff Garcia is a current employee of Defendants MGM & J Corp. (d/b/a East River Cleaners) and Jaeseung Kim.

   2. Defendants own, operate, or control a laundry service, located at 1779 First Avenue, New York, New York 10128 under the name "East River Cleaners".

3. Upon information and belief, individual Defendant Jaeseung Kim, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry service as a joint or unified enterprise.

4. Plaintiff Garcia has been employed as a delivery worker at the laundry service located at 1779 First Avenue, New York, New York 10128.

5. At all times relevant to this Complaint, Plaintiff Garcia has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he has worked.

6. Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiff Garcia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct has extended beyond Plaintiff Garcia to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Garcia and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Garcia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Garcia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Garcia's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundry service located in this district. Further, Plaintiff Garcia has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Manuel Garcia ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Bronx County, New York.

14. Plaintiff Garcia has been employed by Defendants at East River Cleaners from approximately April 2016 until the present date.

15. Plaintiff Garcia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a laundry service, located at 1779 First Avenue, New York, New York 10128 under the name "East River Cleaners".

17. Upon information and belief, MGM & J Corp. (d/b/a East River Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1779 First Avenue, New York, New York 10128.

18. Defendant Jaeseung Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jaeseung Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jaeseung Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19. Defendants operate a laundry service located in the Upper East Side section of Manhattan in New York City.

20. Individual Defendant, Jaeseung Kim, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possesses substantial control over Plaintiff Garcia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Garcia, and all similarly situated individuals, referred to herein.

23. Defendants jointly employ Plaintiff Garcia (and all similarly situated employees) and are Plaintiff Garcia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff Garcia and/or similarly situated individuals.

25. Upon information and belief, Individual Defendant Jaeseung Kim operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants have been Plaintiff Garcia's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiff Garcia, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Garcia's services.

27. In each year from 2016 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29. Plaintiff Garcia is a current employee of Defendants who has been employed as a delivery worker.

30. Plaintiff Garcia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Manuel Garcia*

31. Plaintiff Garcia has been employed by Defendants from approximately April 2016 until the present date.

32. Defendants have employed Plaintiff Garcia as a delivery worker.

33. Plaintiff Garcia has regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

34. Plaintiff Garcia's work duties have required neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Garcia has regularly worked in excess of 40 hours per week.

36. From approximately April 2016 until the present date, Plaintiff Garcia has worked from approximately 7:00 a.m. until on or about 6:00 p.m., Mondays through Wednesdays, from approximately 7:00 a.m. until on or about 7:00 p.m., Thursdays and Fridays, and from approximately 8:00 a.m. until on or about 5:00 p.m., on Fridays (typically 66 hours per week).

37. Throughout his employment, Defendants have paid Plaintiff Garcia his wages in a combination of check and cash.

38. From approximately April 2016 until the present date, Defendants have paid Plaintiff Garcia a fixed salary of $600 per week.

39. Specifically, Defendants have paid Plaintiff Garcia approximately $300 in cash and $300 by personal check.

40. Plaintiff Garcia's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

41. For example, Defendants have required Plaintiff Garcia to work an additional 30 minutes past his scheduled departure time Mondays through Wednesdays, and have not paid him for the additional time he has worked.

42. Plaintiff Garcia has not been required to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device such as punch cards, that accurately reflects his actual hours worked.

43. On a number of occasions, Defendants have required Plaintiff Garcia to sign a document, the contents of which he has not been allowed to review in detail.

44. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

45. Defendants have never provided Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

46. Defendants have never given any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Garcia (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

48. Plaintiff Garcia has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

49. Defendants' pay practices have resulted in Plaintiff Garcia not receiving payment for all his hours worked, and have resulted in Plaintiff Garcia's effective rate of pay falling below the required minimum wage rate.

50. Defendants have habitually required Plaintiff Garcia to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

51. Defendants' time keeping system has not reflect the actual hours that Plaintiff Garcia has worked.

52. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53. On a number of occasions, Defendants have required Plaintiff Garcia to sign a document the contents of which he has not been allowed to review in detail.

54. Defendants have paid Plaintiff Garcia his wages in a combination of personal check and cash.

55. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Garcia (and similarly situated individuals) worked, and to avoid paying Plaintiff Garcia properly for his full hours worked.

57. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58. Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Garcia and other similarly situated former workers.

59. Defendants have failed to provide Plaintiff Garcia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants have failed to provide Plaintiff Garcia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Garcia brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62. At all relevant times, Plaintiff Garcia and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

63. The claims of Plaintiff Garcia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants have been Plaintiff Garcia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Garcia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants have failed to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Garcia (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Garcia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Garcia (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

75. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants have been Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Garcia less than the minimum wage.

78. Defendants' failure to pay Plaintiff Garcia the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Garcia has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

80. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Garcia overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiff Garcia overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Garcia has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

84. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants have failed to provide Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86. Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

87. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

88. With each payment of wages, Defendants have failed to provide Plaintiff Garcia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89. Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Garcia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Garcia and the FLSA Class members;

(f) Awarding Plaintiff Garcia and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Garcia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)  Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(i)  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(j)  Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Garcia's compensation, hours, wages and any deductions or credits taken against wages;

(k)  Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Garcia;

(l)  Awarding Plaintiff Garcia damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)  Awarding Plaintiff Garcia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)  Awarding Plaintiff Garcia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)  Awarding Plaintiff Garcia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)  Awarding Plaintiff Garcia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Garcia demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

January 14, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 14, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:             Manuel Garcia

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:          *Manuel Garcia*

Date / Fecha:              14 de enero de 2019

*Certified as a minority-owned business in the State of New York*