# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

December 16, 2019

**BY ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Garcia v. MGM&J Corp., et al.
                U.S.D.C., S.D.N.Y. Index No. 19-cv-0376(JGK

Dear Judge Koeltl:

This office represents plaintiff Manuel Garcia in the above referenced matter. Plaintiff writes to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before a mediator through the Court's mediation program. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiff Garcia filed his Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law

Page 2

§ 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff Garcia was employed by Defendants from approximately April 2016 until on or about May 2019. During this time, Plaintiff worked between approximately 60 hours per week. Plaintiff Garcia was paid a fixed weekly wage of $600 per week. Garcia's pay did not vary even when he was required to work more or fewer hours on a given workweek.

Defendants categorically deny the allegations in the Complaint. Specifically, Defendants denied that Garcia worked anywhere close to 60 hours per week and asserted that Garcia took breaks of sufficient duration that he rarely or never worked above 40 hours per week.

## 2. Settlement Terms

Plaintiff Garcia alleges he was entitled to back wages of approximately $66,000. Plaintiff Garcia estimates that if he had recovered in full for his claims, he would be entitled to approximately $166,675 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff Garcia's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

This calculation was made on the assumption that Defendants would not be able to rebut the presumption that Garcia's fixed weekly wage was intended to cover 40 hours per week. Under that assumption, Garcia's overtime owed would be calculated by dividing the weekly wage by 40 hours to determine the regular rate of pay, and multiplying the regular rate of pay by 1.5 to determine the overtime rate Garcia should have received. Garcia's damages significantly diminish if, as Defendants urged, Garcia's regular rate of pay were to be determined by dividing Garcia's weekly wage by the actual hours he worked.

Page 3

The parties have agreed to settle this action for the total sum of $65,000. The settlement will be paid in an initial payment of $12,000 followed by 30 monthly installments of $1,766.67 each.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff Garcia's claims. Defendants were adamant that Plaintiff worked less hours than he claimed, and indicated they were willing to provide evidence to this effect.

The settlement was also largely influenced by Defendants' financial ability to satisfy a judgment, or pay a settlement. Defendants sold the subject business in May 2019, and do not own any other business. Judgment enforcement would have been rendered very difficult by the Defendants' apparent financial position. Given these circumstances, Plaintiff Garcia rationally chose the greater certainty of a settlement.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the

Page 4

settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with Plaintiff Garcia, Plaintiff Garcia's counsel will receive $22,008.80 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation exclusive of costs as well as a reduction in fees from what is identified in Plaintiff Garcia's retainer agreement, which provides that forty percent of Plaintiff Garcia's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $7,740.00 in fees along with $514.00 in costs. A copy of Plaintiff Garcia's billing record is attached as "Exhibit C." Michael Faillace's standard billing rate is $450 an hour (MF), Joshua Androphy's standard billing rate is $400 an hour (JA), and paralegals' billing rate is $100 per hour (PL).

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result)" (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at

Page 5

*9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

Given Plaintiff's counsels' significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Joshua Androphy is a senior attorney at Michael Faillace & Associates. Androphy graduated from Columbia Law School in 2005, where he was a Harlan Fiske Stone Scholar and a managing editor for the Columbia Journal of Law and Social Problems. Following law school, Androphy worked as an associate at Olshan Frome Wolosky LLP, practicing commercial and employment litigation for seven years. Androphy joined Michael Faillace &Associates, P.C. in 2012 and has litigated more than one hundred employment actions, including over 20 trials.

Page 6

Androphy has been recognized as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case.  *See* <u>Perez v. Platinum Plaza 400 Cleaners, Inc.</u>*,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Mr. Faillace and his associate, Mr. Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

<u>/s/ Joshua S. Androphy</u>
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures