USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE: 12/19/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MANUEL GARCIA, *individually and on behalf of others similarly situated*,
                Plaintiffs,

    -against-

MGM & J CORP. (D/B/A EAST RIVER CLEANERS) and JAESEUNG KIM,
                Defendants.
-----------------------------------------------------------X

19 **CIVIL** 376 (JGK)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memo-Endorsed Order dated December 19, 2019, the Court approves the settlement agreement as fair and reasonable including the provision for attorney's fees and costs; their case is therefore settled in accordance with the attached settlement agreement, and judgment is hereby entered in favor of the Plaintiff Manuel Garcia and against the Defendants MGM & J Corp. (D/B/A EAST RIVER CLEANERS) and JAESEUNG KIM, in the amount of $65,000.00; accordingly, this case is closed.

**Dated:** New York, New York
        December 19, 2019

                                              RUBY J. KRAJICK
                                                 Clerk of Court
                                        BY:
                                                 Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 12/19/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL GARCIA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>MGM & J CORP. (D/B/A EAST RIVER CLEANERS) and JAESEUNG KIM,<br><br>*Defendants.* | SETTLEMENT AGREEMENT<br><br>Index No. 19-cv-00376-JGK |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by MANUEL GARCIA ("Plaintiff") on the one hand, and MGM & J CORP. (D/B/A EAST RIVER CLEANERS) ("Defendant Corporation"), and JAESEUNG KIM (together with the Defendant Corporation, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. **19-cv-00376** (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation or enforcement action;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of the Judgment, including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty Five Thousand Dollars (**$65,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in thirty-one (31) installments, as follows:

(a) Installment One: Payment in the amount of Twelve Thousand Dollard and Zero Cents ($12,000), paid by two checks as follows: (1) A check in the amount of Seven Thousand Nine

Hundred Thirty Six Dollar and Eighty Cents ($7,936.80) made payable to Manuel Garcia;, and (2) A check in the amount of Four Thousand Sixty Three Dollars and Twenty Cents ($4,063.20) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", within thirty (30) days following Court approval of this Settlement Agreement.

(b) Installments Two through Thirty: Twenty Nine (29) installment payments, each in the amount of One Thousand Seven Hundred Sixty Six Dollars and Sixty Seven Cents, each installment payment to be paid in two checks as follows: (1) A check in the amount of One Thousand One Hundred Sixty Eight Dollars and Forty Eight Cents ($1,168.48) made payable to Manuel Garcia;, and (2) A check in the amount of Five Hundred Ninety Eight Dollars and Nineteen Cents ($598.19) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", with Installment Two payable thirty (30) days following delivery of Installment One, and each subsequent Installment payable thirty (30) days following the preceding installments.

(c) Installment Thirty One: One (1) final payment, in the amount of One Thousand Seven Hundred Sixty Six Dollars and Fifty Seven Cents, to be paid in two checks as follows: (1) A check in the amount of One Thousand One Hundred Sixty Eight Dollars and Forty Eight Cents ($1,168.48) made payable to Manuel Garcia;, and (2) A check in the amount of Five Hundred Ninety Eight Dollars and Nine Cents ($598.09) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" thirty (30) days following the last preceding installment, payment twenty nine (29).

All payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. All checks will be delivered to Plaintiff's attorneys with the first installment. The checks for installments two through thirty-one shall be post-dated pursuant to the terms of subpart (b) and (C) above.

2. In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) business days from the date of delivery of the Default Notice to cure the default by making such payment (and in the event of a check that fails to clear, together with an additional amount of $50.00 to reimburse for the time and costs of each such bounced check). Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately enforce this agreement. In the event that Defendants fail to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavits of Confession of Judgment attached hereto as Exhibit A.

3. Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff in this Agreement, Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4. **Release and Covenant Not To Sue**: Plaintiff hereby irrevocably and unconditionally releases and forever discharge Defendants, their affiliates, parent organizations, subsidiaries, shareholders, members, directors and managers from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had or claimed to have against Defendants relating to his employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce this Agreement. Nothing herein shall be construed to release MGM & J Corp. from any liability to Plaintiff until the full Settlement Amount under this Agreement is paid to Plaintiff; upon full payment of the Settlement Amount, MGM & J Corp. shall be released to the same extent as the Defendants. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement.

5. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7. **Acknowledgment:** Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiff represents he has not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

Plaintiff hereby waive any right to reinstatement and affirms that they will not apply and does not wish to be considered for any position in the future with Defendant or any of its affiliated entities. This is a negotiated provision of this Agreement and not evidence of retaliation.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following certified mailing thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165

To Defendants:

Ken Maeng, Esq.
HANG & ASSOCIATES, PLLC
136-20 38th Avenue, Suite 10G
Flushing, New York 11354


9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

11. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff and Defendants acknowledge that they have not relied on any representations, promises, or agreements of any kind in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signed facsimile, PDF, or e-mail copies of a counterpart will be acceptable as an original.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFF:

Dated: 11. 01 2019              *Manuel Garcia*
                                 MANUEL GARCIA


DEFENDANTS:

Dated: _____         _____
                                JAESEUNG KIM, individually and as shareholder
                                and President of MGM & J CORP.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signed facsimile, PDF, or e-mail copies of a counterpart will be acceptable as an original.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFF:

Dated: 11. 01 2019            *Manuel Garcia*
                              MANUEL GARCIA


DEFENDANTS:

Dated: 11/05/19               _____
                              JAESEUNG KIM, individually and as shareholder
                              and President of MGM & J CORP

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
_____ COUNTY
-----------------------------------------------------------------X
MANUEL GARCIA,

    *Plaintiff,*

    -against-

MGM & J CORP. (D/B/A EAST RIVER
CLEANERS) and JAESEUNG KIM,

    *Defendants,*

-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK  )
                           ) ss.
COUNTY OF _____  )

Jaesung Kim being duly sworn, deposes and says:

I, Jude Rodrigues, am an owner of MGM & J CORP. (D/B/A EAST RIVER CLEANERS) with its principal place of business located at 1779 First Avenue, New York, NY 10128.

I reside at 1400 15th Street, Fort Lee, NJ 07024.

I have authority to sign on behalf of MGM & J CORP. (D/B/A EAST RIVER CLEANERS) and I am duly authorized to make this affidavit on the undersigned entity's behalf.

On behalf of myself personally and on behalf of MGM & J CORP. (D/B/A EAST RIVER CLEANERS) I hereby confess judgment and authorize entry of judgment against myself personally and against MGM & J CORP. (D/B/A EAST RIVER CLEANERS) in favor of Plaintiff for the sum of $100,000 less any payments previously received pursuant to the terms of the Settlement Agreement dated November ___, 2019 (the "Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding, together with interest from the date

of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment, and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each me personally and against MGM & J CORP. (D/B/A EAST RIVER CLEANERS), jointly and severally.

I hereby authorize entry of this judgment in the New York State Supreme Court, New York County.

---

JAESEUNG KIM, individually and as
shareholder and President of MGM & J CORP..

### CORPORATE ACKNOWLEDGMENT
### OF MGM & J CORP. (D/B/A EAST RIVER CLEANERS)

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF Queens      )

On the 25th day of November, 2019, before me personally came Jaesung Kim, as the authorized manager of MGM & J CORP. (D/B/A EAST RIVER CLEANERS), to me known who, being by me duly sworn, did depose that he is the authorized manager of MGM & J CORP. (D/B/A EAST RIVER CLEANERS), and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

---
Notary Public

QINYU FAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6397297
Qualified in Queens County
My Commission Expires 09-03-2023